UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARL SANDERS,

    Plaintiff,

    v.

SUSAN DONAHUE and JOHN DOE DONAHUE; MERLE FERGUSON and JANE DOE FERGUSON; *et al., et ux.*,

    Defendants.

Case No. C04-5870FDB

ORDER DENYING DEFENDANT FERGUSON'S MOTION TO DISMISS

    Plaintiff alleges breach of contract, civil conspiracy, conversion, tortious interference with business expectancy, and fraud in this cause of action which grew out of Plaintiff's investment of $300,000 for shares of stock issued by Defendants Donahue and Ferguson and a Promissory Note for the funds. Plaintiff alleges, and states in his declaration that he submits with his response, that he met with Defendant Ferguson here, in the State of Washington and discussed this transaction and gave the money to Ferguson to take back to Defendant Donahue.

    Defendant Merle Ferguson moves for dismissal of Plaintiff's cause of action against him based on lack of personal jurisdiction. Defendant Ferguson asserts, among other things, that he is not a resident of Washington (he lists a Leucadia, California address), that he does not have substantial or continuous and systematic contacts with the State of Washington, and that he has not consummated some transaction in the State of Washington by which he purposefully avails himself of the privilege of conducting activities in the forum.

    The propriety of a court's exercise of personal jurisdiction over non-resident defendants is

ORDER - 1

described in *International Shoe Co v. State of Washington. Office of Unemployment Compensation and Placement, et al.*, 326 U.S. 310 (1945):

> ... due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

*Id*. at 316.

Washington's long-arm statute, RCW 4.28.185, provides in pertinent part that submits to the jurisdiction of the courts of this state whether or not a citizen or resident of this state, by "(a) The transaction of any business within this state; or (b) The commission of a tortious act within this state; (c) The ownership, use, or possession of any property whether real or personal situated in this state;"

Plaintiff avers that personal jurisdiction over Defendant Ferguson and his marital community is proper in this Court because Defendant Ferguson came to transact business in this state when he solicited and collected the $300,000 from Plaintiff; Defendant Ferguson has committed serveral torts in this State as alleged in the Complaint; and Plaintiff believes that Defendant Ferguson has owned and continues to own real property in this State individually and through his now defunct corporation known as Dynasty Land Co., Inc.

Plaintiff has made a prima facie showing of facts sufficient to demonstrate a basis for personal jurisdiction over Defendant Ferguson and to overcome this motion to dismiss.

ACCORDINGLY, IT IS ORDERED: Defendant Merle Ferguson's Motion to Dismiss [Dkt. # 6] is DENIED.

DATED this 16th day of May, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2